# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### May 8, 2012 Session

## PETE[1] C. JENKINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 93-D-1489     J. Randall Wyatt, Jr., Judge**

---

**No. M2011-02240-CCA-R3-HC - Filed October 1, 2012**

---

On March 31, 1994, the petitioner entered a plea of nolo contendere to two counts of aggravated rape, a Class A felony, and was sentenced as a Range I offender to fifteen years for each count. The plea agreement required the sentences to be served consecutively. The petitioner brought a petition for the writ of habeas corpus, alleging that the trial court lacked jurisdiction to impose consecutive sentences and that the judgments were consequently void. The trial court denied the petition. Following our review, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which JAMES CURWOOD WITT, JR. and JEFFREY S. BIVINS, JJ., joined.

Karen McDonald, Nashville, Tennessee, for the appellant, Pete C. Jenkins.

Robert E. Cooper, Jr., Attorney General and Reporter; Meredith DeVault, Senior Counsel; Victor S. Johnson, III, District Attorney General; and Amy Eisenbeck, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The judgment forms showing the petitioner's convictions and sentences indicate that the petitioner pled nolo contendere and was found guilty of two counts of aggravated rape. The forms indicate that the petitioner was sentenced as a standard, Range I offender, that the petitioner was sentenced as a child rapist, and that the petitioner's sentences of fifteen years

---

[1]Although the petitioner's first name is given as "Pete" in his petition for habeas corpus, the judgment sheets, plea petition, and hearing on the plea agreement all give the petitioner's name as "Peter."

in the Department of Correction for each count would run consecutively. As part of the plea agreement, the remaining counts of the twelve-count indictment were dismissed, and another case against the petitioner was retired. The petitioner's convictions were affirmed on direct appeal, and were the subject of a state post-conviction petition and a federal habeas corpus petition. *See Jenkins v. State*, No. 01C01-9601-CR-00028, 1996 WL 653824 (Tenn. Crim. App. Nov. 8, 1996) (denying ineffective assistance of counsel claim); *Jenkins v. Dukes*, No. 00-5943, 8 Fed. App'x 282 (6th Cir. 2001) (dismissed based on limitations period).

The petitioner brought this petition for the writ of habeas corpus alleging that his convictions were void because the trial court lacked jurisdiction to impose consecutive sentences. The petitioner claims that, contrary to the dictates of Tennessee Rule of Criminal Procedure 32(c)(1), the court's order did not specify the reasons for imposing consecutive sentencing, and that, contrary to the dictates of Tennessee Code Annotated section 40-35-115 (2010), the court failed to make the proper findings in imposing consecutive sentences. The trial court denied the petition for the writ of habeas corpus, and the petitioner appeals.

**Analysis**

The denial of a petition for the writ of habeas corpus is a question of law reviewed de novo with no presumption of correctness afforded to the trial court's findings of fact or conclusions of law. *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007).

Habeas corpus relief is only available "when it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered that a court lacked jurisdiction or authority to sentence a defendant or that the sentence has expired." *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000) (citing *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). The judgment appealed from must be void and not merely voidable. *State v. Ritchie*, 20 S.W.3d 624, 630 (Tenn. 2000). A voidable judgment "is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999). A void judgment is facially invalid because the court did not have the statutory authority to render such judgment or because the defendant's sentence has expired. *Id.*

Sentencing may entail jurisdictional issues and must comply with the applicable Sentencing Act. *Davis v. State*, 313 S.W.3d 751, 759 (Tenn. 2010). A trial court goes beyond its jurisdiction or authority when it imposes a sentence that "(1) is not authorized by the applicable statutes . . . or (2) directly contravenes an applicable statute." *Id.* (emphasis omitted). Sentences which directly contravene a statute are illegal as opposed to merely erroneous. *Id.*

Nevertheless, certain sentencing statutory provisions have been designated "non-jurisdictional" by the Tennessee Supreme Court. *Davis*, 313 S.W.3d at 759. In particular, errors arising from plea bargains with respect to offender range classification and release eligibility are non-jurisdictional and do not warrant habeas corpus relief. *Id.*; *Hoover v. State*, 215 S.W.3d 776, 780-81 (Tenn. 2007); *Hicks v. State*, 945 S.W.2d 706, 709 (Tenn. 1997). The Court in *Cantrell* designated such errors, which may be waived, as appealable errors which, along with clerical errors, cannot be challenged in a habeas corpus action. *Cantrell v. Easterling*, 346 S.W.3d 445, 451 n.5 (Tenn. 2011).

We conclude that the petitioner's sentence is not void based on any alleged failure to comport with the requirements of Tennessee Code Annotated section 40-35-115 or Tennessee Rule of Criminal Procedure 32(c)(1). Initially, we note that the petitioner does not challenge the validity of the sentence itself, but of the procedures underlying the imposition of the sentence. Nowhere does he claim that consecutive sentencing is unavailable for the crime of which he was convicted. Instead, his challenge is to the trial court's failure to follow the statutory procedure in arriving at a sentence that was within the trial court's power to impose. We do not think that the trial court's alleged failure to follow proper procedure deprived it of the jurisdiction to impose a valid consecutive sentence. The statutes involved specifically designate the findings and the order to be reviewable on appeal. Tenn. R. Crim. P. 32(c)(1); T. C. A. § 40-35-115(c). The court's failure to include its reasoning falls into the category of appealable error and does not deprive the court of the jurisdiction to impose consecutive sentences when they are statutorily available for the crime. The petitioner has not shown that consecutive sentencing for his crime was either not authorized by statute or directly contravenes an applicable statute. *Davis*, 313 S.W.3d at 759.

We further conclude that the petitioner has waived the right to challenge this non-jurisdictional error which was part of a plea bargain. In *Hicks*, the Court concluded that the petitioner's sentence, a hybrid consisting of a Range II term and a Range I release eligibility, was not void because "a knowing and voluntary guilty plea waives any irregularity as to offender classification or release eligibility." *Hicks*, 945 S.W.2d at 709. In *State v. Chapman*, No. 01C01-9808-CC-00354, 1998 WL 855441, at *1 (Tenn. Crim. App. Dec. 11, 1998), this Court faced the same issue as in the case at bar when the appellant contended that his consecutive sentences were illegal because the trial court failed to make findings of fact to support consecutive sentencing. This Court relied on *Hicks* to find that the claim was waived. Likewise, in *Williams v. State*, No. 01C01-9506-CR-00190, 1996 WL 233982, at *4-5 (Tenn. Crim. App. May 9, 1996), this Court concluded that a consecutive sentence which did not meet statutory criteria for consecutive sentencing was subject to plea negotiations and was not illegal. Like offender classification and release eligibility, the requirements of Tennessee Rule of Criminal Procedure 32(c)(1) and Tennessee Code Annotated section 40-35-115 may be waived. The petitioner's plea agreement waived this

appealable error.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. We, therefore, affirm the judgment of the trial court in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE